UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Bruce W. Luther,

                Plaintiff,

vs.

Scott T. Johnston, Peter Irvine,
Rhonda Russell, Scott Allen, Vice
President, Thomas Johnson,
President, Director, Robert Allen,
Director, Arden Anderson, Director,
Lloyd Arbart, Director, Thomas
Kotula, Director, Marvin Shipman,
Director, Patrick Smith, Director,
American National Bank of Minnesota,
a Minnesota corporation, Georgia
Nelson, Tri County Process Service,
1-99 Unnamed John Does,

                Defendants.      Civ. No. 04-3053 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge on a routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

In an Order to Show Cause dated December 5, 2005, we directed the Plaintiff to show cause why his case should not be dismissed for failure of prosecution, arising from the absence of any showing that two Defendants -- Georgia Nelson ("Nelson"), and Tri County Process Service ("Tri County") -- have been served with the Plaintiff's Complaint.  See, <u>Docket No. 157</u>.  We further directed that any such showing of cause must be made in a writing, which should be filed, and served, by no later than December 20, 2005.  All of the remaining Defendants have been dismissed from this action.

The copy of our Order to Show Cause, which the Clerk of Court had transmitted to the Plaintiff, was returned, on December 9, 2005, as undeliverable, since the Plaintiff had moved and had left no forwarding information.  See, <u>Docket No. 158</u>.  An earlier mailing to the Plaintiff had previously been returned to the Clerk of Court, on September 6, 2005, for the same reason, see <u>unnumbered docket entry for September 6, 2005</u>, but, in an overabundance of caution, we decided that the Order to Show Cause should be served upon the Plaintiff, at his last known address, so as to allow him an opportunity to explain why this action should not be dismissed as to Nelson, and Tri County.  Moreover, as a further indulgence, we concluded that, in the event that the Plaintiff visited the Clerk of Court's Office to review the docket entries,

- 2 -

he should be allowed until December 20, 2005, by which to respond to the Order to Show Cause, even though his copy of the Order was returned to the Clerk of Court unopened.

The Plaintiff has not responded, and the fact that he has provided the Clerk of Court with no current address amply reflects his election to abandon his action against Nelson, and Tri County. Accordingly, we recommend that the Plaintiff's Complaint be dismissed, without prejudice, as to Nelson, and Tri County, and that the Clerk of Court enter a final Judgment in this matter to finalize the earlier rulings of the Court.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Complaint be dismissed, without prejudice, as to the Defendants Georgia Nelson, and Tri County Process Service, and that the Clerk of Court be directed to enter a final Judgment in this action, that conforms to the prior dismissals in this matter.

December 21, 2005         s/Raymond L. Erickson

                                          Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 10, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 10, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.